UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN ROBERT SHIRLEY,

                Plaintiff,

vs.                                                      Case No.   2:13-cv-16-FtM-29SPC

COLLIER COUNTY SHERIFF'S OFFICE, TRINITY SERVICES GROUP, INC., CORIZON HEALTH MANAGEMENT, COLLIER COUNTY BOARD OF COMMISSIONERS, KEVIN J. RAMBOSK, FNU RICHARDS, K. MCGOWAN, FNU HOFFMAN, FNU HARMON, FNU O'HAVER, FNU CALDERON, FNU CRAFT, SERGEANT CRUZ, FNU MINICK, FNU SCHANK, FNU ARCE, FNU RAY, FNU ARNOLD, FNU BARBUTO, FNU BEHRENS, FNU BLACKWOOD, FNU BLANK, FNU BREMER, FNU BRITOLO, FNU BROOKS,

FNU BROYOLES, FNU BRYSON, FNU BURD, FNU CARPENTER, FNU CAUDILL, FNU COMO, FNU COTUGNO, FNU CRAIG, FNU CRAWFORD, T. DAVIS, FNU DELUCA, FNU DEMANGE, FNU DEMAREST, FNU DOLL, FNU DUARTE, FNU FUSSELL, FNU GAINY, FNU GOGGINS, FNU GOMEZ, FNU GRANT, FNU GUTH, FNU HALL, FNU HERRERA, FNU HURLEY, FNU JORDEN, FNU KENNEDY, FNU KEYSER, FNU LOPEZ, FNU KYLE, FNU MARSH, FNU MCDUFFIE, FNU MEEK, FNU MELENDEZ, FNU LUCENTE, FNU MULLEN, FNU MUNOZ, FNU PFALZGRAFF, FNU RUMLEY, FNU SHAFFER, FNU SIDLEDECKER, FNU SOLOMON, FNU TIFT, FNU TUBB, FNU VARGAS, FNU ZERPHA, FNU BRYANT, FNU MULCAHEY, UNKNOWN DUTY SGT. 1-10, TOM BOWMAN, KENNY LNU, KITTY LNU, MISS G, FRANK LNU, RARA, MISS S, UNKNOWN #1, UNKNOWN #2, UNKNOWN #3, MARCIA ECKLOFF, DR. JANET, PERCILLA UPTON, FNU VALANTINE, DR. SANDRA, MARIA LNU, ELAINE LNU, KIM LNU, SANDY LNU, MRS. CASH, JESUS LNU, VINCE LNU, FNU RICHARDS, MANIE LNU, FNU TRAPP, FNU YURETTA, UNKNOWN #1, UNKNOWN #2,

UNKNOWN #3, DONNA FIALA, GEORGE
HILLER, TOM HENNIRY, FRED CAYLE AND
TIM NANCE,

                     Defendants.
_____

## ORDER

This matter comes before the Court upon review of Plaintiff's "emergency petition for preliminary injunction /temporary restraining order" (Doc. #15), filed May 8, 2013.

Plaintiff submits that he has "serious food allergies" that "severely limit the type of foods" he can "comfortably consume." Motion at 1. Plaintiff states that he is allergic to eggs and poultry. Id. Thus, Plaintiff requests that the Court entered an order directing jail officials "to cease and desist" serving him a litany of food including *inter alia*: eggs, egg productions, derivatives of eggs including (economy baking powders, calcium products), cakes, muffins, chicken turkey. Id. at 2.

Plaintiff also claims that he has been placed in segregation in retaliation for filing "numerous" inmate grievances and for filing the instant action. Id. Plaintiff alleges that placement in segregation has prevented him from trading food items with other inmates to supplement his dietary needs, which has resulted in him losing 12 pounds in one month.

At the outset, because Plaintiff titled the instant pleading an "emergency," the Court immediately reviewed the pleading. Upon

review, the Court has determined that no emergency exists. Plaintiff is advised that suggesting that an "emergency" exists on the title of a pleading should be used in **only** extraordinary circumstances, when there is a true and legitimate emergency. When a pleading is labeled as such, the Court is compelled to immediately divert its attention from other pending matters and instead to focus on the "emergency." The failure to comply with the Court's directions will result in the imposition of sanctions.

The issuance of a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of [four] prerequisites. Bloedorn v. Grube, 631 F.3d 1218, 1229 (11th Cir. 2011)(citations omitted); see also SunTrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001), reh'g and reh'g en banc denied, 275 F.3d 58 (11th Cir. 2001); Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). The four prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is not granted; and (4) an injunction would not harm or do a disservice to the public interest. Bloedorn, 631 F.3d at 1229; Four Seasons Hotels & Resorts, 320 F.3d at 1210; SunTrust Bank, 252 F.3d at 1166; American Red Cross v. Palm

Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998); Gold Coast Publications v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994), cert. denied, 516 U.S. 931 (1995).  The burden of persuasion for each of the four requirements is upon the movant.  Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).

Under Fed. R. Civ. P. 65(b), a temporary restraining order may be granted without notice only if (1) "specific facts in an affidavit or a verified complaint clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and, (2) the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required."  Additionally, before the Court may grant a temporary restraining order, the movant must post security "in an amount . . . to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  Further, under Local Rule 4.05(a), "[s]uch orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction."[1]  Additionally, the movant is required to: specifically

---

[1]Under Local Rule 4.05(b)(4), "The brief or legal memorandum submitted in support of the motion must address the following issues:  (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing
(continued...)

describe the conduct sought to be enjoined; provide sufficient factual detail so that the Court can determine the appropriate amount of security which must be posted by the movant; accompany the motion with a proposed form order; and, attach a supporting legal memorandum. Local Rule 4.06(b)(3).

It is clear that Plaintiff has not complied with the requirements of either Fed. R. Civ. P. 65(b) or Local Rule 4.05(b). Plaintiff has **not** demonstrated a threat of an immediate and irreparable injury or loss, nor has he posted security, or explained why security should not be posted. Further, Plaintiff has not established the four prerequisites mandated by the Eleventh Circuit to warrant the issuance of either a temporary restraining order or preliminary injunctive relief. Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir.) (*per curiam*), cert. denied, 534 U.S. 1072 (2001). Wall v. Ferrero, 142 F. App'x 405 (11th Cir. 2005). Based upon the foregoing, the Court finds Plaintiff is not entitled to a temporary restraining order.

Plaintiff should follow jail procedures for setting any necessary medical appointments with the jail's medical department for a determination by medical officials as to whether a medically approved diet is appropriate. To the extent that Plaintiff contends that he is

---

[1](...continued)
parties or others if the order is issued; and (iv) the public interest, if any." Local Rule 4.06(b)(1) requires that a party applying for a preliminary injunction must also address these four factors in a brief or legal memorandum.

being held in segregation in retaliation, Plaintiff may file a civil rights complaint form, after he has fully exhausted his available administrative remedies.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Emergency Preliminary Injunction (Doc. #15) is **DENIED.**

2. Plaintiff's Motion for a Temporary Restraining Order (Doc. #15) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, on this ___13th___ day of May, 2013.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record