UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN ROBERT SHIRLEY,

                    Plaintiff,

vs.                                    Case No.  2:13-cv-16-FtM-29UAM

COLLIER COUNTY SHERIFF'S OFFICE,
TRINITY SERVICES GROUP, INC.,
CORIZON HEALTH MANAGEMENT, COLLIER
COUNTY BOARD OF COMMISSIONERS,
KEVIN J. RAMBOSK, FNU RICHARDS, K.
MCGOWAN, FNU HOFFMAN, FNU HARMON,
FNU O'HAVER, FNU CALDERON, FNU
CRAFT, SERGEANT CRUZ, FNU MINICK,
FNU SCHANK, FNU ARCE, FNU RAY, FNU
ARNOLD, FNU BARBUTO, FNU BEHRENS,
FNU BLACKWOOD, FNU BLANK, FNU
BREMER, FNU BRITOLO, FNU BROOKS,

 FNU BROYOLES, FNU BRYSON, FNU BURD,
FNU CARPENTER, FNU CAUDILL, FNU
COMO, FNU COTUGNO, FNU CRAIG, FNU
CRAWFORD, T. DAVIS, FNU DELUCA, FNU
DEMANGE, FNU DEMAREST, FNU DOLL, FNU
DUARTE, FNU FUSSELL, FNU GAINY, FNU
GOGGINS, FNU GOMEZ, FNU GRANT, FNU
GUTH, FNU HALL, FNU HERRERA, FNU
HURLEY, FNU JORDEN, FNU KENNEDY, FNU
KEYSER, FNU LOPEZ, FNU KYLE, FNU
MARSH, FNU MCDUFFIE, FNU MEEK, FNU
MELENDEZ, FNU LUCENTE, FNU MULLEN,
FNU MUNOZ, FNU PFALZGRAFF, FNU
RUMLEY, FNU SHAFFER, FNU
SIDLEDECKER, FNU SOLOMON, FNU TIFT,
FNU TUBB, FNU VARGAS, FNU ZERPHA,
FNU BRYANT, FNU MULCAHEY, UNKNOWN
DUTY SGT. 1-10, TOM BOWMAN, KENNY
LNU, KITTY LNU, MISS G, FRANK LNU,
RARA, MISS S, UNKNOWN #1, UNKNOWN
#2, UNKNOWN #3, MARCIA ECKLOFF, DR.
JANET, PERCILLA UPTON, FNU
VALANTINE, DR. SANDRA, MARIA LNU,
ELAINE LNU, KIM LNU, SANDY LNU, MRS.
CASH, JESUS LNU, VINCE LNU, FNU
RICHARDS, MANIE LNU, FNU TRAPP, FNU
YURETTA, UNKNOWN #1, UNKNOWN #2,

UNKNOWN #3, DONNA FIALA, GEORGE
HILLER, TOM HENNIRY, FRED CAYLE AND
TIM NANCE,

                    Defendants.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon periodic review of the file.  Kevin Robert Shirley, a pre-trial detainee at the Collier County Jail, initiated this action by filing inmate grievances (Doc. #1, hereinafter "Inmate Grievances") on January 9, 2013.  On January 10, 2013, the Court ordered Plaintiff to file an "amended complaint" within fourteen days from the date on the Order.  After being granted several enlargements of time, on March 4, 2013 Plaintiff filed an Amended Complaint (Doc. #11, Amended Complaint) alleging violations of his rights under the Americans with Disabilities Act, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986.  Amended Complaint at 5.  The Amended Complaint names approximately 110 defendants in their "personal, professional, and official" capacities.  Id. at 1, 3-4.  Plaintiff seeks leave to proceed in forma pauperis.[1]  Doc. #5.

_____

[1]The Court notes that Plaintiff has received two "strikes" under § 1915(e)(2)(b)(ii) in the United States District Court for the Southern District of Florida.  See Case No. 4:09-cv-10046, Case No. 4:09-cv-10055.  Noticeably, Plaintiff failed to disclose these two cases under Section III of his Amended Civil Rights Complaint Form and instead only lists case number 4:09-cv-10045, which he notes was "settled in favor of the Plaintiff."  Amended Complaint at 2.  Plaintiff also failed to mention his other civil rights
(continued...)

**I.**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915 is a screening process to be applied sua sponte and at any time during the proceedings.[2]   In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys.   Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

A complaint is frivolous under § 1915 if it lacks arguable merit either in law or fact.   Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002), cert. denied, 124 S. Ct. 1038 (2004);

---

[1](...continued)
actions he filed in the federal courts.   See Case Nos. 1:1980cv01721, 4:2010cv10020, and 2:10cv598.

[2]Similarly, pursuant to § 1915, "notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.   § 1915(e)(2)(B)(i)-(iii).

<u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309, 1315 (11th Cir. 2002); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Further, "[f]rivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'"  <u>Bilal</u>, 251 U.S. at 1349 (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989)).  A lawsuit is frivolous if the "plaintiff's realistic chances of ultimate success are slight."  <u>Clark v. Georgia Pardons and Parole</u>, 915 F.2d 636, 639 (11th Cir. 1990)(citations omitted).

The standards that apply to a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915.  <u>Leal v. Ga. Dep't of Corr.</u>, 254 F.3d 1276, 1278-79 (11th Cir. 2001).  Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff.  <u>Pielage v. McConnell</u>, 516 F.3d 1282, 1284 (11th Cir. 2008).  The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(B)(ii).  <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008); <u>Mitchell v. Carcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997).  Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face.  <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 556 (2007).  A claim is plausible where the plaintiff alleges

facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. <u>Twombly</u>, 550 U.S. at 556.  Specifically, although a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. <u>Ashcroft</u>, 129 S. Ct. at 1949.  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Id.</u>  There is no longer a heightened pleading requirement. <u>Randall</u>, 610 F.3d at 701.  The Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. <u>Marsh</u>, 268 F.3d at 1022; <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1357 (11th Cir. 2003); <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11th Cir. 2008).

## II.

The gravamen of the Amended Complaint stems from Trinity Food Services' failure to provide Plaintiff with meals that accommodated

Plaintiff's alleged food allergies.  Amended Complaint at 6, 14.
Plaintiff alleges that he suffers from a "medical condition" that
limits the type of food he can "comfortably consume." <u>Id.</u> at 14.
Plaintiff claims that he has lost 38 pounds since his incarceration
at the Collier County Jail.  <u>Id.</u> at 6.  Plaintiff states that he
"has suffered immensely from numerous medical ailment(s) including
but not limited to: cronic [sic] constipation, rapid weight loss,
malnutrition, vomiting, lightheadedness, dizzyness [sic], abdominal
cramps/pain, cronic [sic] back pain, migranes [sic], loss of
energy/focus and unnecessary anxiety." <u>Id.</u>  The Amended Complaint
generally alleges that the Collier County Board of Commissioners,
the Collier County Sheriff's Office, Trinity Food Services, Inc.,
and Corizon Health Management's failure to implement policies
providing for special needs diets is the cause of Plaintiff's
problems.  <u>Id.</u>

The inmate grievances Plaintiff initially filed provide more
insight into his claims.[3]   <u>See</u> <u>generally</u> Inmate Grievances.
According to Plaintiff's inmate grievances and the responses
thereto, Corizon Health Services diagnosed Plaintiff with only a

---

[3]Attachments to a complaint constitute "a part of the pleading
for all purposes."  Fed. R. Civ. P. 10(c).  Furthermore, "when
exhibits contradict the general and conclusory allegations of the
pleading, the exhibits govern." <u>Griffin Indus., Inc. v. Irvin</u>,
496 F.3d 1189, 1206 (11th Cir. 2007).  Therefore, the Court may
properly rely on the exhibits Plaintiff filed and dismissal is
appropriate if the exhibits negate Plaintiff's claims. <u>Thompson v.
Illinois Dep't of Prof. Reg.</u>, 300 F.3d 750, 754 (7th Cir. 2002);
<u>accord</u> <u>Crenshaw v. Lister</u>, 556 F.3d 1283, 1292 (11th Cir. 2009).

food allergy to egg, but determined that he was not allergic to poultry.  Id. at 8, 10.  Plaintiff, however, disagrees with the diagnosis, seeks a second opinion, and insists that he is also allergic to poultry and any other related foods, such as, duck, pheasant, turkey, quail. Amended Complaint at 6, Inmate Grievances at 2, 8.  It appears however that Plaintiff's inmate file only contains a medical order limiting Plaintiff's consumption of food items containing egg.  Plaintiff also contends that he cannot eat any cake, muffins, sweet bread, cookies, or salad dressings provided by the jail because the ingredients include egg or egg-by products.  Trinity Food Services determined that only the salad dressing in the items listed by Plaintiff is precluded from his diet because it is the only item that contains egg.  Id. at 11.

### III.

### ADA and 42 U.S.C. §§ 1986-1986

Initially, the Court dismisses any claims Plaintiff brings under Title II of the Americans with Disabilities Act, 42 U.S.C. § 1985, and 42 U.S.C. § 1986.  Title II of the ADA applies to state and county prisons and provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by such entity.  United States v. Georgia, 546 U.S. 151, 153 (2006)(citing 42 U.S.C. § 12132).  A "'qualified individual with a

disability' is defined as 'an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aides and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." Id. at 154 (citing § 12131(2)). Plaintiff by virtue of his food allergies is not a qualified individual for purposes of the ADA.

Section 1985(3) imposes liability if two or more persons conspire "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protections of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To prove a claim, plaintiff "must show an agreement between 'two or more persons' to deprive him of his civil rights." Dickerson v. Alacua County Com'n, 200 F.3d 761, 767-78 (11th Cir. 2000), cert. dismissed, 530 U.S. 1285 (2000). Section 1986 provides redress against a person having knowledge of wrongs under § 1985 who neglects or refuses to prevent the wrong. Burkhart v. Chertoff, Case No. 2:06-cv-690-FtM-99DNF *2 (M.D. Fla. Jan. 6, 2009)(citing § 1986). The Amended Complaint is devoid of any factual allegations supporting a conspiracy claim. Thus, the Court dismisses any claims under §§ 1985 and 1986.

**42 U.S.C. § 1983**

Because Plaintiff is a pre-trial detainee, his § 1983 claim is based upon an alleged violation of his rights under the Fourteenth Amendment to the Constitution.  The standard for claims based on the lack of reasonably adequate food or provision of medical care for a serious medical condition is the same under the Fourteenth or the Eighth Amendment, but reference will be made to the Eighth Amendment because most cases have been decided under the Eighth Amendment.  Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985).  There are three distinct Eighth Amendment claims available to prisoner plaintiffs: conditions of confinement, excessive force, and deliberate indifference to a prisoner's serious medical needs. Thomas v. Bryant, 614 F.3d 1288, 1303 (11th Cir. 2010).

Claims challenging conditions of confinement under the Eighth Amendment must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety.  Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hamm v. Dekalb County, 774 F.2d 1567, 1571-72 (11th Cir. 1985).  A two part analysis governs Eighth Amendment challenges to conditions of confinement.  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  First, a condition must be objectively and sufficiently serious, or "extreme," to constitute a denial of the "minimal civilized measure of life's necessities."  Thomas v.

Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010)(quoting Farmer v. Brennan, 511 U.S. 825 (1994)(internal citations omitted)). Second, a plaintiff must come forward with some factual allegations to show that the defendant official "acted with a sufficiently culpable state of mind." Id. (citations omitted).  In other words, a plaintiff must show the a defendant acted with "deliberate difference." Id. Significantly, a defendant must: (1) have subjective knowledge of a risk of harm; (2) disregard that risk; and (3) engage in conduct that rises above mere negligence.  The Court employs a "totality of conditions" test to determine if the conditions of confinement amount to a constitutional deficiency. Wilson v. Blankenship, 163 F.3d 1284 (11th Cir 1998).

Where, as here, the claim is based upon the deprivation of food, such a claim can only constitute cruel and unusual punishment if the prisoner is denied "minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 303 (1991).  It is well established that inmates must be provided nutritionally adequate food, "prepared and served under conditions which do not present an immediate danger to the health or well being of the inmates who consume it." Shrader v. White, 761 F.2d 875 (4th Cir. 1985)(citations omitted).  The food in prison, however, need not be "tasty or aesthetically pleasing," but merely "adequate to maintain health." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); Hamm v. DeKalb County,

774 F.2d at 1575 (prisoners must be provided "reasonably adequate food.").

In order to state a claim for a violation under the Eighth Amendment related to medical care, a prisoner plaintiff must show that public officials acted with deliberate indifference to his or her serious medical needs.  Estelle v. Gamble, 429 U.S. 97 (1976); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).  Thus, a plaintiff must first show that he had an "objectively serious medical need." Id. (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). Second, a plaintiff must prove that the official acted with an attitude of "deliberate indifference" toward rendering treatment to the serious medical need.  Farrow v. West, 320 F.3d 1235 (11th Cir. 2003)(quoting Farmer v. Brennan, 511 U.S. 825 (1994).  "[M]edical treatment violates the Eight Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Faison v. Rosado, 129 F. App'x 490, 491 (11th Cir. 2005)(quoting Harris v. Thigpen, 941 F.2d 1495, 1501 (11th Cir. 1991)).  The course of treatment chosen by a medical official is "a classic example of a matter for medical judgement." Estelle, 429 U.S. at 107.  Thus, no constitutional violation exists where an inmate and prison medical official merely disagree as to the proper course of medical treatment.  Id. at 106.

The Court finds the Amended Complaint is subject to dismissal under § 1915.  To establish liability under § 1983, Plaintiff must

show an affirmative causal connection  between each defendant's conduct and the constitutional deprivation.  Tittle v. Jefferson County Comm'n, 10 F.3d 1535. 1541 (11th Cir. 1994).  The Amended Complaint names approximately 110 defendants.  The Amended Complaint is devoid of any factual allegations showing a causal connection between the 110 individually named defendants and the alleged constitutional violation.

The Amended Complaint is also flawed to the extent it contains only conclusory allegations that the Collier County Board of Commissioners, the Sheriff's Office, Corizon Health, and Trinity Food Services have all failed to create a policy to allow Plaintiff to receive an "adequate special therapeutic diet."  See generally Amended Complaint at 7-10.  To the contrary, the record suggests that there are policies in place for providing inmates with special diets.  The policy or procedure appears to involve review of the inmate's health condition and the issuance of a medical directive if deemed appropriate.  Although Plaintiff complains of several food allergies and refers to this as his "medical condition" and/or his "qualified disability," the inmate grievances Plaintiff filed indicate that he has only been diagnosed with a food allergy to egg.  Inmate Grievance at 10.  Because there is no medical verification of Plaintiff's other alleged food allergies, correctional officials and Trinity Food Services could not have

"known of and disregarded an excessive risk" to Plaintiff's health regarding his alleged allergies.

The Amended Complaint does not allege that Trinity Food Services continued to serve Plaintiff egg despite the medical directive. <u>See</u> Inmate Grievance at 9 (Plaintiff acknowledging that he is receiving the regular diet tray and the egg is being substituted); <u>Id.</u> at 10 (Trinity acknowledging that Plaintiff should not eat salad dressing because it contains egg). Instead, it appears Plaintiff disagrees with Trinity's determination as to which items contain eggs. A disagreement over which foods contain egg does not amount to a § 1983 claim.

It is clear that Plaintiff disagrees with Corizon Health's medical determination that he is only allergic to egg. However, the Amended Complaint fails to state an Eighth Amendment claim for deliberate indifference to a serious medical need. Assuming *arguendo* that Plaintiff's medical need is serious, the Amended Complaint contains no allegations that any medical personnel acted with an attitude of deliberate indifference when rendering treatment for his medical need. Consequently, the Court dismisses this action pursuant to § 1915A(e)(2)(b)(ii).

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The Amended Complaint (Doc. #11) is **DISMISSED without prejudice** pursuant to § 1915(e)(2)(b)(ii).  Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #5) is **DENIED**.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this ___10th___ day of June, 2013.


_____
JOHN E. STEELE
United States District Judge




SA: alj
Copies: All Parties of Record

-14-